## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80011-CR-LENARD

**UNITED STATES OF AMERICA,**

**v.**

**RONALD RAZZ,**

Defendant.

_____/

## ORDER GRANTING MOTION FOR APPOINTMENT AS COUNSEL AND DENYING MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (D.E. 158)

**THIS CAUSE** is before the Court on Defendant Ronald Razz's Motion to Reduce Sentence under the First Step Act and Motion for Appointment as Counsel, ("Motion," D.E. 158), filed through counsel on April 18, 2019.  The Government filed a Response on May 3, 2019.  ("Response," D.E. 161.)  At the Court's request, the United States Probation Office also filed a Response with the Court which has been provided to both Parties but has not been filed on the docket.  ("Prob. Resp.")  On May 9, 2019, Defendant filed a single Reply the Government and the Probation Office's Responses.  ("Reply," D.E. 164).  Upon review of the Motion, Responses, Reply, and the record, the Court finds as follows.

### I.      Background

Defendant was charged by Second Superseding Indictment with maintaining a place for the manufacture, distribution, and use of crack cocaine, in violation of 21 U.S.C. § 856 and 18 U.S.C. § 2 (Count One); possessing with intent to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2

(Count Two); and possessing with intent to distribute at least five grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2 (Count Three). (D.E. 51.)  This case was originally assigned to United States District Judge Kenneth L. Ryskamp.

On January 30, 2006, the Government filed and served upon Defendant an Information pursuant to 21 U.S.C. § 851[1] stating that it intended to seek an enhanced statutory penalty under Section 841 based upon six prior state court convictions for felony drug offenses.[2] (D.E. 101.)  Defendant later filed a response to the Information challenging the Section 851 enhancement.  (D.E. 115.)

On February 1, 2006, a jury found Defendant guilty of Counts One, Two, and Three. (See Jury Verdict, D.E. 110; Trial Tr., Feb. 1, 2006 at 601:10-21.)[3]  The jury further found

---

[1]     Section 851 provides, in relevant part: "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. . . ."  21 U.S.C. § 851(a)(1).

[2]     The six prior convictions listed in the Information are as follows: (1) sale of cocaine, Case No. 00-5099CF A02, in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County; (2) sale of cocaine, Case No. 92-5713CF A02, in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County; (3) possession of marijuana with intent to sell, and possession of cocaine with intent to sell, Case No. 92-5241CF A02, in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County; (4) sale of cocaine, Case No. 91-2067CF A02, in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County; (5) possession of cocaine with intent to sell, Case No. 91-43775CF A02, in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County; and (6) sale of cocaine, Case No. 90-15025CF A02, in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County.  (D.E. 101 at 1-2.)

[3]     Only the first page of the Verdict form, which contains the jury's verdict on Counts One and Two, is filed on the docket.  (See D.E. 110.)  However, it is clear from the trial transcript

that the offense charged in Count Two involved at least 50 grams of crack cocaine, and that the offense charged in Count Three involved at least 5 grams of crack cocaine.  (See Jury Verdict at 1; Trial Tr., Feb. 1, 2006 at 601:10-21.)

Prior to sentencing, the United States Probation Office prepared a revised Presentence Investigation Report ("PSR") finding that Defendant's offenses involved 142.2 grams of crack cocaine.  (PSR ¶¶ 15, 23.)  Relevant here, the PSR found that the offense charged in Count Two involved 100.2 grams of crack cocaine, (id. ¶¶ 10-11), and the offense charged in Count Three involved 10 grams of crack cocaine, (id. ¶ 9).  Based on the 142.2 grams of crack cocaine, Defendant's base offense level was 32 pursuant to the drug quantity tables in United States Sentencing Guideline ("U.S.S.G.") 2D1.1(a)(3) (2005), which provides that an offense involving at least 50 grams but less than 150 grams of cocaine base has an offense level of 32.  (Id. ¶ 23.)

The PSR further found that because Defendant was over eighteen years old and had at least two prior convictions for controlled substance offenses,[4] he qualified as a Career Offender under U.S.S.G. § 4B1.1.  (Id. ¶ 29.)  As to Counts Two and Three, because the statutory maximum penalty under 21 U.S.C. § 841(b)(1)(A) & (B) with the Section 851 enhancement was life imprisonment, pursuant to Section 4B1.1(b)(1) Defendant's offense level was 37.  (Id. ¶¶ 29, 98.)  Because his career offender offense level under Section

that the jury found Defendant guilty of all three counts charged in the Second Superseding Indictment.  (See Trial Tr., Feb. 1, 2006 at 601:10-21.)

[4]       The PSR specifically cited the convictions in Case Nos. 90-15025CF A02, 91-2067CF A02, 92-5241CF A02, and 00-5099CF A02.  (PSR ¶ 29.)

4B1.1 was greater than his drug quantity offense level under Section 2D1.1, the career offender offense level applied.  (Id. ¶ 29 (citing U.S.S.G. § 4B1.1)[5].)  The PSR further found that because Defendant had 18 criminal history points, he had a criminal history category of VI.  (Id. ¶ 64.)  Based on a total offense level of 37 and a criminal history category of VI, Defendant's guideline imprisonment range was 360 months to life.  (Id. ¶ 99.)

However, as to Count Two, Defendant was subject to a statutory mandatory minimum life sentence based upon the Section 851 enhancement.  (See id.)  Specifically, as to Count Two, Defendant was sentenced under 21 U.S.C. § 841(b)(1)(A), which provides, in pertinent part: "If any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence."  Pursuant to U.S.S.G. § 5G1.1(c)(2), the Court may impose a sentence "at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence."  Because Count Two carried a statutorily-required minimum sentence of life, Defendant's guideline imprisonment range was life.  (PSR ¶ 99.)

On April 14, 2006, Judge Ryskamp adopted the revised PSR and imposed a sentence of life imprisonment, consisting of concurrent terms of 240 months as to Count One, life

---

[5]     "[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply."  U.S.S.G. § 4B1.1(b) (2005).

imprisonment as to Count Two, and 360 months as to Count Three.  (See Sentencing Hr'g Tr. at 8:1, 10:9-23; Judgment, D.E. 119 at 2.)  Judge Ryskamp also imposed a total term of ten years' supervised release, consisting of concurrent terms of three years as to Count One, ten years as to Count Two, and eight years as to Count Three.  (Judgment at 3.)

Defendant appealed his convictions asserting arguments not relevant here.[6]  On September 28, 2008, the Eleventh Circuit issued its Mandate affirming the Defendant's convictions and sentence.  (Mandate, D.E. 138.)

Defendant moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based upon the ineffective assistance of counsel.  (D.E. 142.)  On May 18, 2009, Judge Ryskamp denied the 2255 Motion.  (D.E. 144.)

On July 22, 2011, Defendant filed a Motion for Modification of Sentence under 18 U.S.C. § 3582(c)(2).  (D.E. 145.)  Therein, he sought a reduction of sentence pursuant to Amendments 748 and 750 to the Sentencing Guidelines, which lowered the base offense levels for particular crack cocaine quantities listed in U.S.S.G. § 2D1.1(c), pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.  See U.S.S.G. App. C, Amends. 748, 750.  On December 1, 2011, Judge Ryskamp denied the motion.  (D.E. 151.)

Defendant filed an application for executive clemency, which President Barack Obama granted on October 6, 2016.  (D.E. 152.)  The Clemency Order commuted Defendant's sentence to a total of 360 months' imprisonment, leaving intact the terms of

---

[6]       On appeal, Defendant argued that the Court erred by (1) denying his motion to suppress, (2) denying his motions for disclosure of the identity of a confidential informant ("CI"), and (3) admitting testimony regarding the CI's controlled buys at trial.  (See Mandate, D.E. 138 at 2.)

supervised release and all other conditions imposed by Judge Ryskamp.  (Id. at 3; see also

Am. Judgment, D.E. 153.)

On November 18, 2016, Defendant filed a pro se Motion for Modification of

Sentence Pursuant to 18 U.S.C. § 3582(c)(2), seeking a sentence reduction pursuant to

Guideline Amendment 782, which reduced by two levels the base offense levels found in

the Drug Quantity Table in U.S.S.G. § 2D1.1 for most drug offenses.  (D.E. 154.)  On May

1, 2019, the Court denied that Motion.  (D.E. 160.)

On April 18, 2019, Defendant filed the instant Motion to Reduce Sentence under

the First Step Act and Motion for Appointment as Counsel.  (D.E. 158.)  He seeks a reduced

sentence pursuant to Section 404 of the First Step Act of 2018, and the appointment of the

Federal Public Defender.[7]

## II.    Applicable Law

Under Section 404(b) of the First Step Act of 2018, the Court may "impose a

reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 . . . were in effect

at the time the covered offense was committed."  Pub. L. No. 115-391, 132 Stat. 5194.

Under Section 404(a), a "'covered offense' means a violation of a Federal criminal statute,

the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing

Act of 2010 . . . that was committed before August 3, 2010."  Id.[8]

---

[7]    The Motion for Appointment of Counsel is **GRANTED**.

[8]    Under Section 404(c), "[n]o court shall entertain a motion made under this section
to reduce a sentence if the sentence was previously imposed or previously reduced in accordance
with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law
111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence
was, after the date of enactment of this Act, denied after a complete review of the motion on the

Section 2 of the Fair Sentencing Act modified the statutory penalties under 21 U.S.C. §§ 841(b)(1)(A) & (B).[9]  See Pub. L. No. 111-220.  Specifically, prior to the Fair Sentencing Act—and at the time of Defendant's sentencing—Section 841(b)(1)(A) provided, in relevant part, that any person who violates Section 841(a) in a case involving 50 grams or more of cocaine base:

> shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life. . . . If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release . . . .  [A]ny sentence under this subparagraph shall . . . if there was such a prior conviction, impose a term of supervised release of at least 10 years in addition to such term of imprisonment.

21 U.S.C. § 841(b)(1)(A)(iii) (2005).  The Fair Sentencing Act increased the threshold amount of cocaine base to trigger the 10-year mandatory minimum sentence in Section 841(b)(1)(A)(iii) from 50 grams to 280 grams.  See United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), abrogated on other grounds by Dorsey v. United States, 567 U.S. 260, 280-81 (2012).

Similarly, prior to the Fair Sentencing Act—and at the time of Defendant's sentencing—Section 841(b)(1)(B) provided, in relevant part, that any person who violates Section 841(a) in a case involving 5 grams or more of cocaine base:

---

merits."  Pub. L. No. 115-391; 132 Stat. 5194.  The Court has not previously imposed or reduced Defendant's sentence pursuant to the amendments contained in Sections 2 and 3 of the Fair Sentencing Act, and Defendant has not previously made a motion to reduce his sentence under the First Step Act.

[9]  Section 3 of the Fair Sentencing Act eliminated the mandatory minimum sentence for simple possession of crack cocaine under 21 U.S.C. § 844(a).  See Pub. L. No. 111-220.

> shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years. . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment. . . . [A]ny sentence imposed under this subparagraph shall . . . if there was such a prior conviction, include a term of supervised release of at least 8 years in addition to such term of imprisonment.

21 U.S.C. § 841(b)(1)(B)(iii) (2005).  The Fair Sentencing Act increased the threshold amount of cocaine base to trigger the 5-year mandatory minimum sentence in Section 841(b)(1)(B)(iii) from 5 grams to 28 grams.   See Gomes, 621 F.3d at 1346. Notwithstanding the changes to the mandatory minimums, with a prior conviction for a felony drug offense that has become final, the statutory maximum for both Sections 841(b)(1)(A) and (B) remained at life imprisonment.

Finally, prior to the Fair Sentencing Act—and at the time of Defendant's sentencing—Section 841(b)(1)(C) provided, in relevant part, that in a case involving a Schedule II controlled substance,

> such person shall be sentenced to a term of imprisonment of not more than 20 years . . .  If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years . . . and shall, if there was such a prior conviction, impose a term of supervised release of at least 6 years in addition to such term of imprisonment.

21 U.S.C. § 841(b)(1)(C) (2005).  "Crack cocaine is a schedule II drug, see 21 U.S.C. § 812(c), and is therefore punishable under section 841(b)(1)(C)[.]" United States v. Rogers, 228 F.3d 1318, 1328 n.17 (11th Cir. 2000), abrogated on other grounds by United States v. Sanchez, 269 F.3d 1250 (11th Cir. 2001).

### III.    Arguments

Defendant argues that he is eligible for a sentence reduction under the Section 404 of the First Step Act notwithstanding his sentence commutation.  (Mot. at 4-5.)  He argues that as to Count 2, his statutory imprisonment range has been reduced from a mandatory term of life to a term of 10 years to life, with eight years of supervised release.  (Id. at 6.) He argues that as to Count 3, his statutory imprisonment range has been reduced to 5 to 40 years (although he does not explain how he came to that statutory range), with six years of supervised release.  (Id. at 6-7.)  He further argues that as to Count 2, his guideline imprisonment range has been reduced from mandatory life to 360 months to life; as to Count 3, he argues that his guideline imprisonment range is now 262 to 327 months.  (Id. at 7.)  Finally, he argues that he has been a "model inmate," and considering the relevant factors under 18 U.S.C. § 3553(a), the Court should reduce his commuted sentence to less than 360 months.  (Id. at 7-8.)  He argues that he "has used his many years of incarceration to better himself by completing numerous courses[,]" including earning his GED; becoming proficient in English as a second language; obtaining his CDL license; taking computer classes, culinary arts classes, creative writing classes, and legal research classes; and is currently enrolled in a typing class and a Spanish class.  (Id. at 7.)  Additionally, according to his Individualized Re-entry Plan, Defendant is working as a unit orderly with "good work evaluations, remains incident free, and maintains good cell sanitation."  (Id.) Upon his release from prison, Defendant plans to work as a fitness instructor and to start a lawn service business.  (Id. at 8.)  Defendant concedes that he has been disciplined three times while incarcerated for drinking alcohol.  (Id.)

The Government argues that Defendant is ineligible for sentence reduction under Section 404 of the First Step Act because he is no longer serving a sentence for an offense for which the statutory penalties were modified by the Fair Sentencing Act; rather, he is serving a commuted, "total sentence of imprisonment" of 360 months. (Resp. at 6 (quoting Executive Grant of Clemency at 3).) It argues that the First Step Act permits a court to reduce only a judicially-imposed sentence based upon the applicable statutory penalties, not a presidentially-imposed "total sentence" that commuted a statutorily mandated sentence. (Id. at 7.) It further argues that even if the Court had discretion to reduce Movant's commuted sentences in Counts Two and Three under the First Step Act, the Act does not give the Court authority to reduce the sentence for Count One because it was not based upon an offense for which the statutory penalties were modified by the Fair Sentencing Act; and because Defendant's commuted sentence of 360 months applies equally to Count One, the Court has no authority to modify the 360-month "total sentence" imposed as to that Count. (Id. at 7-8.)

Alternatively, the Government argues that Defendant is ineligible for a sentence reduction because nothing in the First Step Act alters his status as a Career Offender and, therefore, Defendant would still have faced a statutory maximum sentence of life imprisonment under Count Two if the Fair Sentencing Act had been in effect when he was sentenced. (Id. at 9.) As such, his base offense level still would have been 37 under U.S.S.G. § 4B1.1(b)(A), and his Criminal History Category would have remained at VI. (Id.) Consequently, he would still be facing a maximum statutory penalty of life imprisonment as to Count Two, (id. (citing U.S.S.G. § 4B1.1 cmt. 2)), and his guideline

sentencing range would still be 360 months to life, (id. at 9-10).  Finally, the Government argues that even if Defendant would otherwise be eligible for a sentence reduction, the Court should exercise its discretion to deny one because, inter alia, Defendant has not been a "model inmate."  (Id. at 10-11.)  The Government attached to its Response a copy of Defendant's prison disciplinary record, which reveals three violations for possessing alcohol, drugs, or intoxicants.  (D.E. 161-1.)

The Probation Office submits that Defendant is not eligible for relief because "his revised offense level computations provide for an advisory guideline range equal to and potentially greater than his commuted sentence.  The First Step Act of 2018 does not further reduce the guideline imprisonment range."  (Prob. Resp. at 3.)  It asserts that the retroactive statutory term of imprisonment is 10 years to life as to Count Two, and 0 to 30 years as to Count Three.  (Id. at 2.)  However, because Defendant is a Career Offender, he still has an offense level of 37 and a criminal history category of VI, which equates to a guideline imprisonment range of 360 months to life.  (Id. at 3.)  Because Defendant is serving a commuted sentence at the bottom of the new advisory guideline range, the Probation Office submits that Defendant is not eligible for relief.  (Id.)  The Probation Office also notes that Defendant has been sanctioned three times while incarcerated for possessing intoxicants and/or using drugs/alcohol.  (Id. at 4.)

## IV.    Discussion

"No one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation on

issues already resolved." <u>Mackey v. United States</u>, 401 U.S. 667, 691, 91 S. Ct. 1171, 1179 (1971) (Harlan, J., concurring in judgments in part and dissenting in part). "'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment" and may not be modified by a district court except in limited circumstances." <u>Dillon v. United States</u>, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)[10]); <u>see also</u> <u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003) ("Congress has allowed for limited exceptions to the rule of finality . . . ."). Specifically, a federal "court may not modify a term of imprisonment once it has been imposed except" in the three circumstances defined by Congress in 18 U.S.C. § 3582(c).[11] <u>See</u> <u>United States v. Maiello</u>, 805 F.3d 992, 999 (11th Cir. 2015) ("[A] court may only modify a sentence (once it is final) when limited exceptions apply. 18 U.S.C. § 3582(c). That is, courts only have the authority to reduce a sentence which is part of a final judgment because Congress placed that authority in the

---

[10]    Section 3582(b) provides: "Notwithstanding the fact that a sentence to imprisonment can subsequently be--(1) modified pursuant to the provisions of subsection (c); (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742; a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."

[11]    The three circumstances in which a court may modify a sentence of imprisonment are:

> (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, <u>see</u> 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, <u>see</u> <u>id.</u> § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, <u>see</u> <u>id.</u> § 3582(c)(2)."

<u>United States v. Phillips</u>, 597 F.3d 1190, 1195 (11th Cir. 2010).

hands of the judiciary in the first place."); <u>United States v. Phillips</u>, 597 F.3d 1190, 1194-95 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute.").

Relevant here, Section 3582(c)(1)(B) authorizes a court to "modify an imposed term of imprisonment to the extent otherwise <u>expressly permitted by statute</u> . . . ." (Emphasis added.)   In this regard, Section 404(b) of the First Step Act of 2018 expressly permits the Court to "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  Pub. L. No. 115-391, 132 Stat. 5194.

The Parties agree that Section 2 of the Fair Sentencing Act reduced the statutory imprisonment range for Counts Two and Three, but not Count One.  (<u>See</u> Mot. at 6-7; Resp. at 8.)  The Court also agrees and finds that Defendant's convictions for Counts Two and Three are "covered offenses" for purposes of the First Step Act because: (1) the offenses were committed in January and February 2005, (<u>see</u> Second Superseding Indictment, D.E. 51 at 2), which is prior to August 3, 2010; and (2) the statutory penalty for the convictions for Count Two and Three are contained in 21 U.S.C. § 841(b)(1)(A) & (B), respectively, which were modified by Section 2 of the Fair Sentencing Act of 2010.  Pub. L. No. 111-220, 124 Stat. 2372.

However, the Government argues that Defendant is ineligible for a sentence reduction under Section 404 of the First Step Act because he is no longer serving a sentence for Counts Two and Three (or, for that matter, Count One); according to the Government, Defendant is serving a new "total sentence" imposed by the President.  (<u>See</u> Resp. at 6.)

In support of its argument, the Government cites a concurring opinion from United States v. Surrat, 855 F.3d 218 (4th Cir. 2017) (en banc), where the Fourth Circuit dismissed as moot a habeas challenge to a mandatory life sentence for a crack offense following a presidential commutation.  In a concurring opinion (joined by no other member of the en banc panel), Judge Wilkinson stated that the movant was "no longer serving a judicially imposed sentence, but a presidentially commuted one."  855 F.3d at 219 (Wilkinson, J., concurring).  The Government seeks to use this statement as a basis for denying Defendant's Motion to reduce his sentence under the First Step Act.  (Resp. at 6.)

It appears that every court to have addressed the Government's argument has rejected it.  See United States v. Dodd, __ F. Supp. 3d __, 2019 WL 1529516, at *2-3 (S.D. Iowa Apr. 9, 2019); United States v. Pugh, Case No. 5:95 CR 145, 2019 WL 1331684, at *2 (N.D. Ohio Mar. 25, 2019); United States v. Walker, Case No. 1:94-CR-5, 2019 WL 1226856, at *2 (N.D. Ohio Mar. 15, 2019); United States v. Stilling, Case No. 8:08-cr-00230-SCB, D.E. 112 at 3 (M.D. Fla. Mar. 15, 2019).  For the following reasons, the Court agrees with these cases and rejects the Government's argument.

The quote from Judge Wilkinson's concurring opinion in Surrat contains no citation to authority supporting the proposition that a presidentially-commuted sentence constitutes a new, "presidentially-imposed" sentence.  As the Pugh court observed, the President is not constitutionally authorized to impose a judicial sentence—such would violate the separation of powers doctrine.  2019 WL 1331684, at *2 ("[T]he Constitution vests legislative powers in Congress, judicial powers in the courts, and the execution of laws in the president.  While the president has the power to 'grant Reprieves and Pardons for

Offenses against the United States,' this is not the power to 'impose a sentence' or vacate a court's judgment.") (citing <u>Nixon v. United States</u>, 506 U.S. 224, 232 (1993) ("But the granting of a pardon is in no sense an overturning of a judgment of conviction by some other tribunal; it is '[a]n executive action that mitigates or sets aside punishment for a crime.'") (quoting Black's Law Dictionary 113 (6th ed. 1990))); <u>see also</u> <u>United States v. Wilson</u>, 32 U.S. 150, 160 (1833) ("A pardon is an act of grace, proceeding from the power intrusted with the execution of the laws . . . .").

Likewise, the former Fifth Circuit—whose holdings are binding on this Court[12]— found that "[c]ommutation is the executive act reducing the terms of a sentence already imposed, substituting lesser for greater punishment." <u>Hagelberger v. United States</u>, 445 F.2d 279, 280 (5th Cir. 1971) (citing <u>Rawls v. United States</u>, 331 F.2d 21, 27 (8th Cir. 1964); <u>Lupo v. Zerbst</u>, 92 F.2d 362, 364 (5th Cir. 1937)); <u>see also</u> <u>United States v. Buenrostro</u>, 895 F.3d 1160, 1164-65 (9th Cir. 2018) ("Like a full pardon, a presidential commutation does not overturn the sentence imposed by the sentencing court.  It simply 'mitigates or sets aside punishment.'") (quoting <u>Nixon</u>, 506 U.S. at 232).  When the President commutes a sentence, "the judgment remains, but in modified form—a modification imposed upon it by the executive power—and can partake in no sense of a sentence imposed by the President." <u>Duehay v. Thompson</u>, 223 F. 305, 307 (9th Cir. 1915).

---

[12]    In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

Here, the language of the Executive Grant of Clemency supports the interpretation that the commutation simply reduced the term of imprisonment rather than imposed an entirely new sentence, as it left "intact and in effect . . . the term of supervised release imposed by the court with all its conditions and all other components of" the sentence. (D.E. 152 at 3.)  "In other words, the commutation 'shortened an existing sentence,' it 'did not impose a new sentence' that would place it outside the reach of the First Step Act." Dodd, 2019 WL 1529516, at *2 (quoting Stilling, Case No. No. 8:08-cr-230-SCB, D.E. 112 at 3).

Because the commutation did not impose a new sentence, but simply reduced an existing one, the Court rejects the Government's argument that Defendant is no longer serving a sentence for an offense for which the statutory penalties were modified by the Fair Sentencing Act.  Dodd, __ F. Supp. 3d __, 2019 WL 1529516, at *2-3; Pugh, 2019 WL 1331684, at *2; Walker, 2019 WL 1226856, at *2; Stilling, Case No. 8:08-cr-00230-SCB, D.E. 112 at 3.  For the same reasons, the Court rejects the Government's alternative argument that because Defendant's commuted sentence of 360 months applies equally to Count One, the Court has no authority to modify the 360-month "total sentence" imposed as to that Count.  Judge Ryskamp sentenced Defendant to 240 months' imprisonment as to Count One.  (Judgment at 2.)  President Obama did not "impose" a new, 360-month sentence as to Count One—he had no authority to do so.  As Defendant observes in his Reply, "[s]uch argument – that a commutation of a life sentence on one count may somehow also serve to increase a sentence on another count to 10 years above the statutory maximum – is not only contrary to law, it violates the separations of powers, and is simply

not persuasive." (Reply at 7.)  Rather, President Obama merely reduced the life sentence imposed as to Count Two so that Defendant's total sentence of imprisonment is 360 months.

Although the Court rejects the Government's "presidentially-imposed" sentence argument, the Court must still determine whether Defendant is entitled to a sentence reduction under Section 404(b) of the First Step Act.  The plain language of Section 3582(c)(1)(B) limits the Court's authority to "modify[ing] an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ."  In turn, pursuant to Section 404(b) of the First Step Act of 2018, the Court "may impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  Pub. L. No. 115-391, 132 Stat. 5194.  As stated previously, Section 2 of the Fair Sentencing Act expressly increased the amount of crack cocaine necessary to invoke the mandatory minimum sentences and the statutory maximum sentences under Section 841(b); Section 3 eliminated the mandatory minimum sentence for simple possession of crack cocaine.  Although the Eleventh Circuit has not specifically addressed the scope of a Section 3582(c)(1)(B) proceeding, it has explained in the analogous context of a Section 3582(c)(2) proceeding that "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing."  United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (citing United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998); see also United States v. Cole, 417 F. App'x 922, 923 (11th Cir. 2011); United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997) ("We think it implicit in this directive that

the district court is to leave all of its previous factual decisions intact . . . ."); <u>United States v. Moreno</u>, 421 F.3d 1217, 1220 (11th Cir. 2005).  The Court can discern no principled reason why a different rule should apply in Section 3582(c)(1)(B) proceedings and, therefore, finds that all original sentencing determinations remain unchanged.  See <u>United States v. Glover</u>, __ F. Supp. 3d __, 2019 WL 1924706, at *9-10 (S.D. Fla. May 1, 2019) ("Given (1) the plain language of Section 3582(c)(1)(B), which limits the Court's authority to 'modify[ing] an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . .'; (2) the plain language of Section 404(b) of the First Step Act, which limits the Court's authority to 'impos[ing] a reduced sentence . . . [,]' Pub. L. No. 115-391, 132 Stat. 5194; (3) the Eleventh Circuit's jurisprudence holding that a defendant is not entitled to a full resentencing in the analogous context of a Section 3582(c)(2) proceeding;[13] and (4) the fact that Federal Rule of Criminal Procedure 43 sets Section 3582(c) and Rule 35 proceedings apart from other sentencing proceedings,[14] the Court finds that Defendant is not entitled to a full resentencing.  Instead, 'all original sentencing determinations remain unchanged[.]'  <u>Bravo</u>, 203 F.3d at 781.").

---

[13]    <u>Bravo</u>, 203 F.3d at 781-82 ("A district court's discretion has . . . clearly been cabined in the context of a Section 3582(c) sentencing reconsideration. . . . This Circuit has been very clear in holding that a sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing.") (citing <u>Cothran</u>, 106 F.3d at 1562); <u>United States v. Jackson</u>, 613 F.3d 1305, 1308-09 (11th Cir. 2010) (same); <u>Cole</u>, 417 F. App'x at 923 ("[A] defendant is not entitled to a full resentencing during a § 3582(c) proceeding"); <u>United States v. Ramirez-Castillo</u>, 335 F. App'x 888, 889 (11th Cir. 2009) (stating that a Section 3582(c) proceeding does "not constitute a full resentencing of the defendant") (quotation marks and citation omitted); <u>Moreno</u>, 421 F.3d at 1220.

[14]    <u>Dillon</u>, 560 U.S. at 827-28.

18

At Defendant's sentencing, the Court made three determinations relevant to the Section 3582(c) inquiry that remain unchanged.  First, by adopting the PSR, the Court determined that the offense charged in Count Two involved 100.2 grams of crack cocaine, (see PSR ¶¶ 10-11), and that the offense charged in Count Three involved 10 grams of crack cocaine, (see id. ¶ 9).[15]  Those determinations remains intact.  See United States v. DeGlace, 501 F. App'x 949, 951 (11th Cir. 2012) ("Section 3582(c)(2) proceedings are not a de novo resentencing, and the district court may not revisit the drug quantity determined at sentencing during a § 3582(c)(2) proceeding.") (citations omitted); United States v. Dickerson, 327 F. App'x 834, 836 (11th Cir. 2009) (finding that the amount of crack attributed to a defendant at sentencing cannot be revisited in a Section 3582(c)(2) proceeding).

Second, by adopting the PSR, the Court determined that Defendant was a Career Offender under U.S.S.G. § 4B1.1.  The PSR found that "the defendant is considered a career offender because he was at least 18 years old at the time of the instant offense, the instant offense is a felony controlled substance offense, and the defendant has at least two prior felony convictions for crimes of violence and controlled substance offenses."[16]  (PSR ¶ 29.)  The Court adopted the PSR, thereby determining that Defendant was a Career Offender.  (See Sentencing Hr'g Tr. at 8:1, 10:9-23.)  That determination remains intact.

---

[15]    By adopting the PSR, the Court also determined that Defendant was responsible for a total of 142.2 grams of crack cocaine.  (See id. ¶ 15.)

[16]    The PSR specifically cited the convictions in Case Nos. 90-15025CF A02, 91-2067CF A02, 92-5241CF A02, and 00-5099CF A02.  (PSR ¶ 29.)

See <u>United States v. Harris</u>, No. 2:04–CR–104–FtM–33DNF, 2012 WL 1901507, at *2 (M.D. Fla. May 25, 2012) ("To the extent that a defendant may seek to challenge his career offender status, this Court lacks authority to revisit that determination in a § 3582(c)(2) proceeding.") (citing <u>Dillon</u>, 560 U.S. at 831).

Third, by adopting the PSR, the Court determined that, pursuant to 21 U.S.C. § 851, Defendant was subject to enhanced penalties under Section 841(b)(1)(A) & (B) because he had prior felony drug convictions.  The PSR found that the Section 851 enhancement required a term of life imprisonment as to Count Two, and a statutory range of 10 years to life imprisonment as to Count Three.  (PSR ¶ 98.)  The Court adopted the PSR, thereby determining that Defendant's convictions under Count Two and Three were subject to the Section 851 enhancement.  (<u>See</u> Sentencing Hr'g Tr. at 8:1, 10:9-23.)  That determination remains intact.  <u>See</u> <u>United States v. Robinson</u>, 416 F. App'x 871, 874 (11th Cir. 2011) (finding that the defendant's request to "revisit" whether the government complied with Section 851(a)'s notice requirements did not did "not fall within any of the categories of authorized § 3582(c) motions").

The Court finds that because Defendant remains accountable for 100.2 grams of crack cocaine as to Count Two, remains a Career Offender, and remains subject to a Section 851 enhancement, he is not entitled to a sentence reduction under Section 3582(c)(1)(B). Applying Section 2 of the Fair Sentencing Act retroactively, Defendant's conviction in Count Two would now fall under Section 841(b)(1)(B) because he is accountable for 28 grams or more of crack cocaine but less than 280 grams.  Based upon the Section 851

enhancement, the statutory range of imprisonment under Section 841(b)(1)(B) is 10 years to life.

Defendant's conviction in Count Three would now fall under Section 841(b)(1)(C) because Count Three involved a Schedule II controlled substance, but in an insufficient quantity to trigger the Section 841(b)(1)(B) penalties.   Based upon the Section 851 enhancement, the statutory range of imprisonment under Section 841(b)(1)(C) is 0 to 30 years.

The application notes to Section 4B1.1 instruct that "[i]f more than one count of conviction is of a . . . controlled substance offense, use the maximum authorized term of imprisonment for the count that has the greatest offense statutory maximum." U.S.S.G. § 4B1.1 cmt. n.2 (2005).  Here, Count Two carries the greatest offense statutory maximum. Because the maximum statutory term of imprisonment for Count Two remains life imprisonment, as a Career Offender the Defendant's offense level is still 37, his criminal history remains at Criminal History Category VI, resulting in the guideline range of 360 months to life imprisonment.  See U.S.S.G. § 4B1.1.  Because Defendant's commuted sentence of 360 months' imprisonment is at the bottom of the new guidelines range, he is not entitled to a reduced sentence under Section 3582(b)(1)(C).  Cf. United States v. Randell, 724 F. App'x 848, 851 (11th Cir. 2018) (holding that the defendant was not entitled to further reduction of his sentence after executive order of clemency, which reduced his sentence to 360 months, based on intervening amendments to sentencing guidelines that reduced base offense levels to crack cocaine offenses, because the defendant

was sentenced as a career offender under U.S.S.G. § 4B1.1, and therefore his guideline range was not affected by the amendments to the drug quantity table in Section 2D1.1).

Assuming arguendo that Defendant is otherwise eligible for a variance below the bottom of the guidelines and commuted sentence of 360 months, the Court exercises its discretion not to grant a variance based on his disciplinary history while incarcerated.  (See D.E. 161-1; Prob. Resp. at  4.)

## V.      Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.      Defendant's Motion for Appointment as Counsel is **GRANTED**; and

2.      Defendant's Motion to Reduce Sentence under the First Step Act (D.E. 158) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 22nd day of May, 2019.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**