**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 05-80011-CR-LENARD

**UNITED STATES OF AMERICA,**

**v.**

**RONALD RAZZ,**

Defendant.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION OF DENIAL OF REDUCTION IN TERM OF SUPERVISED RELEASE UNDER THE FIRST STEP ACT (D.E. 166) AND AMENDING ORDER DENYING MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (D.E. 165)

**THIS CAUSE** is before the Court on Defendant Ronald Razz's Motion for Reconsideration of Denial of Reduction in Term of Supervised Release Under the First Step Act, ("Motion," D.E. 166), filed May 29, 2019.  The Government filed a Response on June 12, 2019, ("Response" D.E. 171), to which Defendant filed a Reply on June 13, 2019, ("Reply," D.E. 172).  Upon review of the Motion, Response, Reply, and the record, the Court finds as follows.

## I. Background

Defendant was charged by Second Superseding Indictment with maintaining a place for the manufacture, distribution, and use of crack cocaine, in violation of 21 U.S.C. § 856 and 18 U.S.C. § 2 (Count One); possessing with intent to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2 (Count Two); and possessing with intent to distribute at least five grams of crack cocaine,

in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2 (Count Three). (D.E. 51.) This case was originally assigned to United States District Judge Kenneth L. Ryskamp.

On January 30, 2006, the Government filed and served upon Defendant an Information pursuant to 21 U.S.C. § 851[1] stating that it intended to seek an enhanced statutory penalty under Section 841 based upon six prior state court convictions for felony drug offenses.[2] (D.E. 101.) Defendant later filed a response to the Information challenging the Section 851 enhancement. (D.E. 115.)

On February 1, 2006, a jury found Defendant guilty of Counts One, Two, and Three. (See Jury Verdict, D.E. 110; Trial Tr., Feb. 1, 2006 at 601:10-21.)[3] The jury further found

---

[1]     Section 851 provides, in relevant part: "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. . . ." 21 U.S.C. § 851(a)(1).

[2]     The six prior convictions listed in the Information are as follows: (1) sale of cocaine, Case No. 00-5099CF A02, in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County; (2) sale of cocaine, Case No. 92-5713CF A02, in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County; (3) possession of marijuana with intent to sell, and possession of cocaine with intent to sell, Case No. 92-5241CF A02, in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County; (4) sale of cocaine, Case No. 91-2067CF A02, in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County; (5) possession of cocaine with intent to sell, Case No. 91-43775CF A02, in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County; and (6) sale of cocaine, Case No. 90-15025CF A02, in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County. (D.E. 101 at 1-2.)

[3]     Only the first page of the Verdict form, which contains the jury's verdict on Counts One and Two, is filed on the docket. (See D.E. 110.) However, it is clear from the trial transcript that the jury found Defendant guilty of all three counts charged in the Second Superseding Indictment. (See Trial Tr., Feb. 1, 2006 at 601:10-21.)

that the offense charged in Count Two involved at least 50 grams of crack cocaine, and that the offense charged in Count Three involved at least 5 grams of crack cocaine. (See Jury Verdict at 1; Trial Tr., Feb. 1, 2006 at 601:10-21.)

Prior to sentencing, the United States Probation Office prepared a revised Presentence Investigation Report ("PSR") finding that Defendant's offenses involved 142.2 grams of crack cocaine. (PSR ¶¶ 15, 23.) Relevant here, the PSR found that the offense charged in Count Two involved 100.2 grams of crack cocaine, (id. ¶¶ 10-11), and the offense charged in Count Three involved 10 grams of crack cocaine, (id. ¶ 9). Based on the 142.2 grams of crack cocaine, Defendant's base offense level was 32 pursuant to the drug quantity tables in United States Sentencing Guideline ("U.S.S.G.") 2D1.1(a)(3) (2005), which provides that an offense involving at least 50 grams but less than 150 grams of cocaine base has an offense level of 32. (Id. ¶ 23.)

The PSR further found that because Defendant was over eighteen years old and had at least two prior convictions for controlled substance offenses,[4] he qualified as a Career Offender under U.S.S.G. § 4B1.1. (Id. ¶ 29.) As to Counts Two and Three, because the statutory maximum penalty under 21 U.S.C. § 841(b)(1)(A) & (B) with the Section 851 enhancement was life imprisonment, pursuant to Section 4B1.1(b)(1) Defendant's offense level was 37. (Id. ¶¶ 29, 98.) Because his career offender offense level under Section 4B1.1 was greater than his drug quantity offense level under Section 2D1.1, the career

---

[4] The PSR specifically cited the convictions in Case Nos. 90-15025CF A02, 91-2067CF A02, 92-5241CF A02, and 00-5099CF A02. (PSR ¶ 29.)

offender offense level applied.  (Id. ¶ 29 (citing U.S.S.G. § 4B1.1)[5].)  The PSR further found that because Defendant had 18 criminal history points, he had a criminal history category of VI.  (Id. ¶ 64.)  Based on a total offense level of 37 and a criminal history category of VI, Defendant's guideline imprisonment range was 360 months to life.  (Id. ¶ 99.)

However, as to Count Two, Defendant was subject to a statutory mandatory minimum life sentence based upon the Section 851 enhancement.  (See id.)  Specifically, as to Count Two, Defendant was sentenced under 21 U.S.C. § 841(b)(1)(A), which provides, in pertinent part: "If any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence."  Pursuant to U.S.S.G. § 5G1.1(c)(2), the Court may impose a sentence "at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence."  Because Count Two carried a statutorily-required minimum sentence of life, Defendant's guideline imprisonment range was life.  (PSR ¶ 99.)

On April 14, 2006, Judge Ryskamp adopted the revised PSR and imposed a sentence of life imprisonment, consisting of concurrent terms of 240 months as to Count One, life imprisonment as to Count Two, and 360 months as to Count Three.  (See Sentencing Hr'g

---

[5]        "[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply."  U.S.S.G. § 4B1.1(b) (2005).

Tr. at 8:1, 10:9-23; Judgment, D.E. 119 at 2.)  Judge Ryskamp also imposed a total term of ten years' supervised release, consisting of concurrent terms of three years as to Count One, ten years as to Count Two, and eight years as to Count Three.  (Judgment at 3.)

On September 28, 2008, the Eleventh Circuit issued its Mandate affirming Defendant's convictions and sentence.  (Mandate, D.E. 138.)

Defendant filed an application for executive clemency, which President Barack Obama granted on October 6, 2016.  (D.E. 152.)  The Clemency Order commuted Defendant's sentence to a total of 360 months' imprisonment, leaving intact the terms of supervised release and all other conditions imposed by Judge Ryskamp.  (Id. at 3; see also Am. Judgment, D.E. 153.)

On November 21, 2016, the Clerk reassigned this case to the undersigned judge. (D.E. 155.)

On April 18, 2019, Defendant filed a Motion to Reduce Sentence under the First Step Act and Motion for Appointment as Counsel.  (D.E. 158.)  In his Reply in support of the Motion, Defendant acknowledged that "[r]eductions under the First Step Act are governed by [18 U.S.C.] § 3582(c)(1)."  (D.E. 164 at 3.)  On May 22, 2019, the Court entered an Order granting the motion to the extent that it requested the appointment of the Federal Public Defender, but denying the motion in all other respects.  (D.E. 165.)[6] Initially, the Court found that Defendant's convictions for Counts Two and Three are "covered offenses" for purposes of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194,

---

[6]      The Order is pending publication.  United States v. Razz, __ F. Supp. 3d __, 2019 WL 2204068, 2019 U.S. Dist. LEXIS 85770 (S.D. Fla. May 22, 2019).

because: (1) the offenses were committed prior to August 3, 2010; and (2) the statutory penalty for the convictions for Count Two and Three are contained in 21 U.S.C. § 841(b)(1)(A) & (B), respectively, which were modified by Section 2 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.  (Id. at 13.)  However, the Court concluded that Defendant was not eligible for a sentence reduction:

> The Court finds that because Defendant remains accountable for 100.2 grams of crack cocaine as to Count Two, remains a Career Offender, and remains subject to a Section 851 enhancement, he is not entitled to a sentence reduction under Section 3582(c)(1)(B).  Applying Section 2 of the Fair Sentencing Act retroactively, Defendant's conviction in Count Two would now fall under Section 841(b)(1)(B) because he is accountable for 28 grams or more of crack cocaine but less than 280 grams.  Based upon the Section 851 enhancement, the statutory range of imprisonment under Section 841(b)(1)(B) is 10 years to life.

> Defendant's conviction in Count Three would now fall under Section 841(b)(1)(C) because Count Three involved a Schedule II controlled substance, but in an insufficient quantity to trigger the Section 841(b)(1)(B) penalties.  Based upon the Section 851 enhancement, the statutory range of imprisonment under Section 841(b)(1)(C) is 0 to 30 years.

> The application notes to Section 4B1.1 instruct that "[i]f more than one count of conviction is of a . . . controlled substance offense, use the maximum authorized term of imprisonment for the count that has the greatest offense statutory maximum."  U.S.S.G. § 4B1.1 cmt. n.2 (2005).  Here, Count Two carries the greatest offense statutory maximum.  Because the maximum statutory term of imprisonment for Count Two remains life imprisonment, as a Career Offender the Defendant's offense level is still 37, his criminal history remains at Criminal History Category VI, resulting in the guideline range of 360 months to life imprisonment.  See U.S.S.G. § 4B1.1. Because Defendant's commuted sentence of 360 months' imprisonment is at the bottom of the new guidelines range, he is not entitled to a reduced sentence under Section 3582[(c)(1)(B)].  Cf. United States v. Randell, 724 F. App'x 848, 851 (11th Cir. 2018) (holding that the defendant was not entitled to further reduction of his sentence after executive order of clemency, which reduced his sentence to 360 months, based on intervening amendments to sentencing guidelines that reduced base offense levels to crack cocaine offenses, because the defendant was sentenced as a career offender under

U.S.S.G. § 4B1.1, and therefore his guideline range was not affected by the amendments to the drug quantity table in Section 2D1.1.

Assuming arguendo that Defendant is otherwise eligible for a variance below the bottom of the guidelines and commuted sentence of 360 months, the Court exercises its discretion not to grant a variance based on his disciplinary history while incarcerated. (See D.E. 161-1; Prob. Resp. at 4.)

(Id. at 20-22.) Defendant has appealed the Court's Order. (D.E. 167.)

On May 29, 2019, Defendant filed the instant Motion for Reconsideration, arguing that the Court failed to consider whether he was entitled to a reduced term of supervised release under the First Step Act. (D.E. 166.)

## II. Legal Standard

Defendant does not identify the legal mechanism for his motion for reconsideration. "[A] motion for reconsideration of a district court order in a criminal action is not expressly authorized by the Federal Rules of Criminal Procedure . . . ." United States v. Vicaria, 963 F.2d 1412, 1213 (11th Cir. 1992); see also United States v. Vives, 546 F. App'x 902, 905 (11th Cir. 2013) ("Because no statute or Federal Rule of Criminal Procedure authorizes the filing of a motion for reconsideration in a criminal case, we affirm the denial of Vives's motion for reconsideration."). And the Eleventh Circuit has expressly held that a criminal defendant cannot seek reconsideration of a criminal order under Federal Rule of Civil Procedure 60(b). United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). "Although no statute or rule expressly provides for the filing of a motion for reconsideration in criminal cases, federal district courts necessarily have substantial discretion in ruling on motions for reconsideration." United States v. Lepore, 1:15-cr-00367-WSD, 2016 WL 5110505, at *1 (N.D. Ga. Sept.

20, 2016) (quoting United States v. Snowden, CRIMINAL NO. 15-00134-CG-B, 2015 WL 5595767, at *1 (S.D. Ala. Sept. 21, 2015) (quoting United States v. Mason, No. 6:07-cr-52-Orl-19GJK, 2008 WL 1882255, at *1 (M.D. Fla. Apr. 24, 2008))).  Courts exercising their discretion to entertain motions for reconsideration in criminal cases generally employ the standards underlying motions for reconsideration in civil cases.  United States v. Kight, 1:16-cr-99-WSD, 2017 WL 5664590, at *1 n.3 (N.D. Ga. Nov. 27, 2017) (citing United States v. Torres, 1:06-cr-00351-WSD-1, 2017 WL 1405322, at *1 (N.D. Ga. Apr. 20, 2017); Lepore, 2016 WL 5110505, at *1)).  "[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).  "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly."  Id. at 1370.

## III.    Relevant Law

Pursuant to 18 U.S.C. § 3582(c), a "court may not modify a term of imprisonment once it has been imposed except" in certain circumstances defined by that statute.  Relevant here, "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ."  18 U.S.C. § 3582(c)(1)(B).

Under Section 404(b) of the First Step Act of 2018, the Court may "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  Pub. L. No. 115-391, 132 Stat. 5194.  Under Section 404(a), a "'covered offense' means a violation of a Federal criminal statute,

the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." Id.[7]

Section 2 of the Fair Sentencing Act modified the statutory penalties under 21 U.S.C. §§ 841(b)(1)(A) & (B).[8] See Pub. L. No. 111-220. Specifically, prior to the Fair Sentencing Act—and at the time of Defendant's sentencing—Section 841(b)(1)(A) provided, in relevant part, that any person who violates Section 841(a) in a case involving 50 grams or more of cocaine base:

> shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life. . . . If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release . . . . [A]ny sentence under this subparagraph shall . . . if there was such a prior conviction, impose a term of supervised release of at least 10 years in addition to such term of imprisonment.

21 U.S.C. § 841(b)(1)(A)(iii) (2005). The Fair Sentencing Act increased the threshold amount of cocaine base to trigger the 10-year mandatory minimum sentence in Section 841(b)(1)(A)(iii) from 50 grams to 280 grams. See United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), abrogated on other grounds by Dorsey v. United States, 567 U.S. 260, 280-81 (2012).

---

[7]     Under Section 404(c), "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." Pub. L. No. 115-391; 132 Stat. 5194. This provision did not apply in this case.

[8]     Section 3 of the Fair Sentencing Act eliminated the mandatory minimum sentence for simple possession of crack cocaine under 21 U.S.C. § 844(a). See Pub. L. No. 111-220.

Similarly, prior to the Fair Sentencing Act—and at the time of Defendant's sentencing—Section 841(b)(1)(B) provided, in relevant part, that any person who violates Section 841(a) in a case involving <u>5 grams</u> or more of cocaine base:

> shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years. . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment. . . . [A]ny sentence imposed under this subparagraph shall . . . if there was such a prior conviction, include a term of supervised release of at least 8 years in addition to such term of imprisonment.

21 U.S.C. § 841(b)(1)(B)(iii) (2005). The Fair Sentencing Act increased the threshold amount of cocaine base to trigger the 5-year mandatory minimum sentence in Section 841(b)(1)(B)(iii) from 5 grams to 28 grams. See <u>Gomes</u>, 621 F.3d at 1346. Notwithstanding the changes to the mandatory minimums, with a prior conviction for a felony drug offense that has become final, the statutory maximum for both Sections 841(b)(1)(A) and (B) remained at life imprisonment.

Finally, prior to the Fair Sentencing Act—and at the time of Defendant's sentencing—Section 841(b)(1)(C) provided, in relevant part, that in a case involving a Schedule II controlled substance,

> such person shall be sentenced to a term of imprisonment of not more than 20 years . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years . . . and shall, if there was such a prior conviction, impose a term of supervised release of at least 6 years in addition to such term of imprisonment.

21 U.S.C. § 841(b)(1)(C) (2005). "Crack cocaine is a schedule II drug, <u>see</u> 21 U.S.C. § 812(c), and is therefore punishable under section 841(b)(1)(C)[.]" <u>United States v. Rogers</u>,

228 F.3d 1318, 1328 n.17 (11th Cir. 2000), <u>abrogated on other grounds by</u> <u>United States</u> <u>v. Sanchez</u>, 269 F.3d 1250 (11th Cir. 2001).

## IV.  Arguments

Defendant argues that the Court should reconsider its Order denying his Motion for Reduction of Sentence because it failed to address whether he is entitled to a reduced term of supervised release.  (D.E. 166.)  He argues that as to Count Two, the statutory minimum term of supervised release has been reduced from ten years to eight years.  (<u>Id.</u> ¶ 2 (citing 21 U.S.C. § 841(b)(1)(B)).)  He argues that as to Count Three, the statutory minimum term of supervised release has been reduced from eight years to six years.  (<u>Id.</u> (citing 21 U.S.C. § 841(b)(1)(C)).)  Defendant requests that the Court reduce his concurrent term of supervised release to a total of eight years:  three years as to Count One, eight years as to Count Two, and six years as to Count Three.  (<u>Id.</u> ¶ 4.)  He argues that an eight-year term is sufficient to guarantee his continued success, in light of the fact that he has used his time in prison to take numerous courses, earn his GED, and obtain his CDL license.  (<u>Id.</u> ¶ 5.)

The Government argues that Defendant did not request a reduced term of supervised release in either the Motion for Reduction of Sentence or the Reply in support thereof, and that a motion for reconsideration cannot be used to advance new arguments that could have been raised prior to the Court's ruling.[9]  (Resp. at 3 (citing <u>United States v. Christy</u>, 739 F.3d 534, 539 (11th Cir. 2014); <u>Wilchombe v. TeeVee Toons, Inc.</u>, 555 F.3d 949, 957 (11th Cir. 2009)).)

_____

[9]     The Government also argued that the Court lacks jurisdiction to consider the Motion for Reconsideration, (Resp. at 2), but it later withdrew this argument, (D.E. 173).

## V.  Discussion

As an initial matter, the Court agrees with the Government that Defendant did not specifically request a reduced term of supervised release in his Motion for Reduction of Sentence or Reply in support thereof.  (See D.E. 158 at 1 ("The defendant, Ronald Razz, through counsel, and pursuant to Section 404 of the First Step Act, asks that the court reduce his term of imprisonment and appoint the Federal Public Defender to represent him.") (emphasis added); id. at 8 ("For all of the foregoing reasons, Mr. Razz requests that the court reduce his sentence to less than 360 months.") (emphasis added).)  In his Reply in support of his Motion for Reduction of Sentence, Defendant mentioned that he "is still serving a term of imprisonment and a term of supervised release that this court may further reduce pursuant to Section 404 of the First Step Act." (D.E. 164 at 5.)  However, although he suggests in passing that the Court has discretion to reduce his term of supervised release under Section 404 of the First Step Act, he does not specifically request that the Court exercise that discretion.  (See id. at 10 ("For all of these reasons, as well as those set forth in his motion to reduce sentence, the court should grant Mr. Razz's motion, reducing his sentence to less than 360 months.") (emphasis added).  Despite Defendant's failure to specifically request a reduced term of supervised release in his Motion for Reduction of Sentence or Reply in support thereof, the Court will exercise its discretion to address the issue herein.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."  Dillon v. United States, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. §

3582(b)[10]); see also United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003) ("Congress has allowed for limited exceptions to the rule of finality . . . ."). Specifically, a federal "court may not modify a term of imprisonment once it has been imposed except" in the three circumstances defined by Congress in 18 U.S.C. § 3582(c).[11] See United States v. Maiello, 805 F.3d 992, 999 (11th Cir. 2015) ("[A] court may only modify a sentence (once it is final) when limited exceptions apply. 18 U.S.C. § 3582(c). That is, courts only have the authority to reduce a sentence which is part of a final judgment because Congress placed that authority in the hands of the judiciary in the first place."); United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute.").

Relevant here, Section 3582(c)(1)(B) authorizes a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." (Emphasis

---

[10]    Section 3582(b) provides: "Notwithstanding the fact that a sentence to imprisonment can subsequently be--(1) modified pursuant to the provisions of subsection (c); (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742; a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."

[11]    The three circumstances in which a court may modify a sentence of imprisonment are:

> (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, see 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, see id. § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, see id. § 3582(c)(2)."

United States v. Phillips, 597 F.3d 1190, 1195 (11th Cir. 2010).

13

added.)  However, Section 3582(c)(1)(B) does not authorize a court to modify an imposed

term of supervised release.  See United States v. Island, 336 F. App'x 759, 760-61 (9th Cir.

2009); United States v. Guess, 541 F. Supp. 2d 399, 400-05 (D. Me. 2008).  In Island, the

defendant moved for a reduction of sentence under 18 U.S.C. § 3582(c)(2), see id., which

authorizes a district court to reduce "a term of imprisonment based on a sentencing range

that has subsequently been lowered by the Sentencing Commission."  (Emphasis added.)

The district court found that the defendant was not eligible for a reduction of his term of

supervised release under Section 3582(c)(2) and the defendant appealed.  Id.  The Ninth

Circuit affirmed, finding:

> By its plain language, § 3582(c)(2) does not provide for a reduction in the
> supervised release portion of the sentence.  Island's contention that the
> language "term of imprisonment" includes the term of supervised release
> lacks merit.  Though the term of supervised release is part of the sentence, it
> is not part of the "term of imprisonment."  "The term of supervised release
> commences on the day the person is released from imprisonment . . . [and]
> does not run during any period in which the person is imprisoned . . . ." 18
> U.S.C. § 3624(e).

Id.  At least three district courts have adopted the Ninth Circuit's reasoning.  United States

v. Cage, Criminal Action No. 00–330, 2012 WL 2935645, at *2 (E.D. La. July 18, 2012);

United States v. Moreland, Criminal Action No. 2:04–cr–00142, 2012 WL 1108126, at *1

(S.D. W. Va. Apr. 2, 2012);  Booker v. United States, Civil Action No. 3:09CV635,

Criminal Action No. 3:99CR95, 2011 WL 1337086, at *2 (E.D. Va. Apr. 7, 2011).

Similarly, in Guess, the defendant pled guilty to distributing crack cocaine and was

sentenced to eighteen months' imprisonment and three years' supervised release pursuant

to 21 U.S.C. § 841(b)(1)(B).  541 F. Supp. 2d at 400.  Shortly after the defendant was

released from prison, the United States Sentencing Commission retroactively amended the crack cocaine guideline. Id. The defendant filed a motion under 18 U.S.C. § 3582(c)(2) seeking termination of her remaining term of supervised release, arguing that under the new crack cocaine guideline calculations, "she 'overserved' her prison time by four months and that this time should somehow be translated into a reduction of supervised release time." Id. In a thorough, well-reasoned order, the court concluded that Section 3582(c)(2) "permits a reduction only in a 'term of imprisonment.'" Id. at 401. The court rejected the defendant's argument that "that the statutory phrase 'term of imprisonment' should encompass 'supervised release' and that [the court] should reduce the latter instead." Id. The court observed that "'[t]he supervised release period is an independent element of the sentence.'" Id. at 402 (quoting United States v. Work, 409 F.3d 484, 489 (1st Cir. 2005)) (emphasis provided by the Guess court). The court further recognized that "[t]he distinction between supervised release and imprisonment arises from their different statutory purposes" and, as such, "imprisonment and supervised release cannot be freely conflated." Id. at 402-03. Ultimately, the court denied the defendant's motion under Section 3582(c)(2) for a reduction of the remaining term of supervised release:

> Given the statutory distinction between imprisonment and supervised release, the different purposes of each in the sentencing regime, and the separate methods for calculating the length of each, I conclude that Congress's use of the phrase "term of imprisonment," rather than the term "sentence," to describe what a judge can reduce under § 3582(c)(2) is a deliberate choice that precludes reducing a term of supervised release under that provision.

Id. at 405; see also United States v. Johnson, 291 F. App'x 505 (4th Cir. 2008) (affirming district court's order denying motion for a reduction of term of supervised release under 18 U.S.C. § 3582(c)).

The Court agrees with the reasoning of the Ninth Circuit in Island and the District of Maine in Guess and finds that it applies equally to motions under 18 U.S.C. § 3582(c)(1)(B). The Court must construe a criminal statute narrowly and according to its plain meaning, and where "the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said." United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc). Here, Section 3582(c)(1)(B) provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>
> **(1)** in any case—
>
> . . .
>
> **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]

18 U.S.C. § 3582(c)(1)(B) (emphases added). The Court finds that Section 3582(c)(1)(B) plainly and unambiguously applies only to terms of imprisonment, not to terms of supervised release. While "term of imprisonment" is mentioned three times in this short statutory provision, "term of supervised release" is not mentioned at all. The omission is glaring considering that Congress does mention "a term . . . of supervised release" in Section 3582(c)(1)(A). "'[W]here Congress includes particular language in one section of

a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" Russello v. United States, 464 U.S. 16, 23 (1983) (quoting United States v. Wong Kim Bo, 472 F.2d 720, 722 (5th Cir. 1972)).

Furthermore, for the reasons explained in Guess, the Court finds that the phrase "term of imprisonment" does not encompass a term of supervised release.  541 F. Supp. 2d at 401-05; see also Island, 336 F. App'x at 761 ("Though the term of supervised release is part of the sentence, it is not part of the 'term of imprisonment.'").  Significantly, like the First Circuit, the Eleventh Circuit has concluded that "Congress intended a defendant's term of supervised release to be 'a separate part' of, or in addition to, his term of imprisonment."  United States v. West, 898 F.2d 1493, 1504 (11th Cir. 1990); see also 18 U.S.C. § 3624(e) ("The term of supervised release commences on the day the person is released from imprisonment  . . . . A term of supervised release does not run during any period in which the person is imprisoned . . . .").

Because Section 3582(c)(1)(B) narrowly limits a district court's authority to modifying a "term of imprisonment" after it has been imposed, Phillips, 597 F.3d at 1194, and because the phrase "term of imprisonment" does not encompass a "term of supervised release," Guess, 541 F. Supp. 2d at 401-05, the Court is not authorized to reduce Defendant's term of supervised release.  See Island, 336 F. App'x at 761; Guess, 541 F. Supp. 2d at 405.

Even if the Court was authorized to reduce Defendant's term of supervised release, the Court would deny Defendant's request.  Judge Ryskamp imposed a total term of ten

years' supervised release, consisting of concurrent terms of three years as to Count One, ten years as to Count Two, and eight years as to Count Three.  (Judgment at 3.)  Defendant requests that the Court reduce his concurrent term of supervised release to a total of eight years:  three years as to Count One, eight years as to Count Two, and six years as to Count Three.  (Mot. ¶ 4.)

Applying Section 2 of the Fair Sentencing Act retroactively, Defendant's conviction in Count Two would now fall under 21 U.S.C. § 841(b)(1)(B) because he is accountable for 28 grams or more of crack cocaine but less than 280 grams.  Because Defendant committed the offense in Count Two after a prior conviction for a felony drug offense had become final, his sentence must "include a term of supervised release of <u>at least</u> 8 years in addition to [the] term of imprisonment."  21 U.S.C. § 841(b)(1)(B) (2005) (emphasis added).  Defendant's conviction in Count Three would now fall under Section 841(b)(1)(C) because Count Three involved a Schedule II controlled substance, but in an insufficient quantity to trigger the Section 841(b)(1)(B) penalties.  Because Defendant committed the offense in Count Three after a prior conviction for a felony drug offense had become final, the Court must "impose a term of supervised release of <u>at least</u> 6 years in addition to [the] term of imprisonment." 21 U.S.C. § 841(b)(1)(C) (2005) (emphasis added).

Although the statutory minimum terms of supervised release for Counts Two and Three are lower under the Fair Sentencing Act than when Judge Ryskamp sentenced Defendant, the Court finds that Defendant's term of supervised release should not be reduced, in light of the offense conduct, Defendant's extensive criminal history, and the fact that Defendant committed the instant offenses while on conditional release.

Defendant's legal troubles began on May 2, 1988 when he was arrested for driving on a suspended license—he was 16 years old. (<u>Id.</u> ¶ 33.) He pled nolo contendere and was sentenced to three months' probation. (<u>Id.</u>)

On May 31, 1988, Defendant was arrested for selling cocaine. (<u>Id.</u> ¶ 34.) He later pled guilty. (<u>Id.</u>)

In June 1988, Defendant was arrested for resisting arrest without violence (adjudication withheld), (<u>id.</u> ¶ 35), and driving on a suspended license (pled nolo contendere and was sentenced to three months' probation), (<u>id.</u> ¶36).

In May 1989—at age 17—Defendant was arrested on consecutive days for driving on a suspended license. (<u>Id.</u> ¶¶ 37-38.) For the first offense, Defendant pled guilty and was sentenced to time served, (<u>id.</u> ¶ 37); for the second offense, Defendant was sentenced to ten days in jail, (<u>id.</u> ¶ 38).

In July 1989, Defendant was arrested twice more for driving on a suspended license. (<u>Id.</u> ¶¶ 39-40.) For the first offense, Defendant pled guilty and was sentenced to time served, (<u>id.</u> ¶ 39); for the second offense, Defendant pled guilty but the Court withheld adjudication, (<u>id.</u> ¶ 40).

In August 1989, Defendant was arrested for possession of cocaine with intent to sell. (<u>Id.</u> ¶ 41.) Defendant later pled guilty and was sentenced to one year and one day imprisonment. (<u>Id.</u>)

In October 1989, Defendant was arrested for resisting arrest without violence; he later pled guilty and was sentenced to thirty days in jail. (<u>Id.</u> ¶ 42.)

In December 1989—now age 18—Defendant was arrested for petit theft and driving on a suspended license. (Id. ¶¶ 43-44.) Defendant was later sentenced to time served for the petit theft, (id. ¶ 43), and pled nolo contendere and was sentenced to thirty days in jail for driving on a suspended license, (id. ¶ 44).

On September 26, 1990, Defendant was arrested for selling cocaine in Case No. 00-5099CF A02, in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County. (Id. ¶ 45.) He pled guilty and was sentenced to eighteen months' probation with a special condition of six months in jail. (Id.) As part of the special condition, the Court ordered Defendant to surrender himself on April 15, 1991, but Defendant failed to surrender himself. (Id.)

On November 29, 1990—now age 19—Defendant was arrested for obstructing an officer without violence, to which he later pled guilty and served ten days in jail. (Id. ¶ 46.)

In January 1991, Defendant was arrested three times for driving on a suspended license. (Id. ¶¶ 47-49.) He pled nolo contendere to all three offenses—the Court withheld adjudication on the first two and sentenced Defendant to sixty days in jail on the third. (Id.)

On February 28, 1991, Defendant was arrested for selling cocaine in Case No. 91-2067CF A02, in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County. (Id. ¶ 50.) He pled guilty and was sentenced to one-year probation with a special condition of six months in jail. (Id.) As part of the special condition, the Court ordered Defendant to surrender himself on April 15, 1991, but Defendant failed to surrender himself. (Id.)

Also on February 28, 1991, Defendant was arrested (and later pled guilty to) attempted possession of cocaine, for which he was sentenced to three days in jail with credit for three days' time served.  (Id. ¶ 51.)

On March 26, 1991, Defendant was again arrested for driving on a suspended license.  (Id. ¶ 52.)  He was sentenced to time served.  (Id.)

On April 11, 1991, Defendant was arrested for possession of cocaine in Case No. 91-43775CF A02, in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County.  (Id. ¶ 53.)  He pled guilty and was sentenced to one-year in jail to be followed by eighteen months' probation.  (Id.)

On June 20, 1992—now age 20—Defendant was arrested for (1) possession of marijuana with intent to sell, (2) possession of cocaine with intent to sell, (3) escape, and (4) resisting arrest with violence in Case No. 92-5241CF A02, in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County.  (Id. ¶ 54.)  He pled guilty and was sentenced to ten years' imprisonment.  (Id.)

Also on June 20, 1992, Defendant was arrested for sale of cocaine in Case No. 92-5713CF A02, in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County.  (Id. ¶ 55.)  He pled guilty and was sentenced to ten years' imprisonment.  (Id.)

Also on June 20, 1992, Defendant was arrested for driving on a suspended license, to which he pled guilty and was sentenced to thirty days in jail, (id. ¶ 56), and carrying a concealed firearm, to which he pled guilty and was sentenced to ten years' imprisonment, (id. ¶ 57).

On June 21, 1992, Defendant was arrested for obstruction by false name, to which he pled guilty and was sentenced to time served.  (Id. ¶ 58.)

On June 22, 1992, Defendant was arrested for an armed robbery that occurred on June 5, 1992.  (Id. ¶ 59.)  He pled guilty and was sentenced to ten years' imprisonment.  (Id.)  Defendant was released from prison on September 1, 1999.[12]  (See id.)

On June 14, 2000—now age 28—Defendant was arrested for driving on a suspended license, to which he pled guilty and was sentenced to five days in jail.  (Id. ¶ 60.)

On August 19, 2000, Defendant was arrested for selling cocaine within 1,000 feet of a church in Case No. 00-5099CF A02, in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County.  (Id. ¶ 61.)  He pled guilty and was sentenced to 33.45 months imprisonment.  (Id.)  Defendant was granted conditional release on March 25, 2003.  (Id.)

Defendant committed the instant offenses while on conditional release from his prison sentence in Case No. 00-5099CF A02.

In determining Defendant's status as a Career Offender under U.S.S.G. § 4B1.1, the PSR relied on Defendant's convictions in Case Nos. 90-15025CF A02, 91-2067CF A02, 92-5241CF A02, and 00-5099CF A02.[13]  (PSR ¶ 29.)  The PSR assigned Defendant a total of eighteen criminal history points: fifteen for his prior offenses, two for committing the

---

[12]     Many of Defendant's sentences ran concurrently.

[13]     Although the PSR only relied on these four convictions for purposes of Section 4B1.1, the Government's Section 851 Information listed the six prior drug convictions associated with Case No. 00-5099CF A02, Case No. 92-5713CF A02, Case No. 92-5241CF A02, Case No. 91-2067CF A02, Case No. 91-43775CF A02, and Case No. 90-15025CF A02.  (D.E. 101 at 1-2.)

instant offenses while on conditional release, and one for committing the instant offenses less than two years after release from custody.  (Id. ¶¶ 63-64.)

In light of the foregoing, even assuming arguendo that the Court was authorized to reduce Defendant's term of supervised release, it would deny Defendant's request.  Given that Section 841(b)(1)(B) requires a <u>minimum</u> term of eight years' supervised release for Count Two and Section 841(b)(1)(C) requires a <u>minimum</u> term of six years' supervised release for Count Three, the Court finds that a term of ten years' supervised release should remain based on the offense conduct, Defendant's extensive criminal history, and the fact that he committed the instant offenses while on conditional release.

Finally, the last paragraph of Section IV ("Discussion") of the Court's Order Denying Motion to Reduce Sentence Under the First Step Act (D.E. 165 at 22) is hereby amended to read as follows:

> Assuming arguendo that Defendant is otherwise eligible for a variance below the bottom of the guidelines and commuted sentence of 360 months, the Court exercises its discretion not to grant a variance based on the offense conduct, Defendant's extensive criminal history as reflected in Paragraphs 33-62 of the PSR, the fact that he committed the instant offenses while on conditional release, and his disciplinary history while incarcerated.  (See D.E. 161-1; Prob. Resp. at  4.)

This is the only amendment to the Court's Order Denying Motion to Reduce Sentence Under the First Step Act (D.E. 165).

## VI.    Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration of Denial of Reduction in Term of Supervised Release Under the First

Step Act (D.E. 166) is **DENIED**, and the Court's Order Denying Motion to Reduce Sentence Under the First Step Act (D.E. 165) is **AMENDED** as stated herein.

      **DONE AND ORDERED** in Chambers at Miami, Florida this 21st day of June, 2019.

                               **JOAN A. LENARD**
                               **UNITED STATES DISTRICT JUDGE**